Fuchsberg, J. (dissenting).
I agree with the majority that we may review the legislative action of the Senate in order to determine whether that body has complied with constitutional requirements in overriding the Governor’s veto of the Stavisky-Goodman bill and that, on the basis of the history and analysis so clearly set out in Judge Jones’ opinion, upon such review it must be concluded that the bill was effectively passed over the Governor’s veto.
However, for reasons too well articulated in the dissent by *548 Judge Cooke to bear repetition here, it is also my view that the bill, though no doubt commendably intended merely to assure a more adequate allocation of financial resources for public education in New York City, adopts a formula which would pervade every aspect of that city’s budgeting and, by so doing, impermissibly undermines its home rule powers. That result is interdicted by both the spirit and letter of the constitutional safeguards our people have erected to assure themselves of the advantages of self-government at the local level (NY Const, art IX, § 3, subd [a], par [3]). These safeguards, which apply as well to the smallest "county, city, town, or village” (NY Const, art IX, § 3, subd [d], par [2]), serve equally to protect the State’s and Nation’s greatest city from being denuded of all powers of self-management as it grapples heroically with the special problems and opportunities, not excluding of course the educational ones, it faces today.